IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHARLES RAY GERARD | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv333 |
| JOHN B. FOX | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Charles Ray Gerard, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court previously referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration pursuant to applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the petition be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The Court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

In 1981, petitioner was convicted of the state offense of burglary of a habitation. He was sentenced to 15 years of imprisonment. He was subsequently released on parole on three occasions. Petitioner was arrested by Texas law enforcement officials on June 3, 1990, based on allegations that he had violated the terms of his release on parole and committed the offenses of kidnapping and aggravated sexual assault. Petitioner's release on state parole was later revoked, effective June 5, 1990. On March 23, 1992, the state charges of kidnapping and aggravated sexual assault were dismissed. On March 25, 1992, petitioner was convicted of a federal offense and sentenced to 360 months of imprisonment.

Petitioner contends the Bureau of Prisons ("BOP") has not properly calculated his sentence. He contends he should receive credit towards his federal sentence for the 641 day period beginning on June 3, 1990, when he was arrested by Texas officials, and ending on March 5, 1992, when his

federal sentence was imposed (the "Contested Period"). Petitioner asserted the following ground for review in support of his contention: (1) the primary reason for his detention during the Contested Period was his federal charge; (2) since the BOP originally gave him credit towards his federal sentence for the Contested Period, it was not fair for the BOP to reverse this determination; (3) the federal sentencing judge intended his federal sentence to be served concurrently with his expired state sentence and (4) construing his federal sentence as not running concurrently with his state sentence means he served approximately 17 years on his 15 year state sentence. The Magistrate Judge analyzed each ground for review and concluded each ground was without merit.

In addition to considering the grounds for review described above, the Magistrate Judge, citing 18 U.S.C. § 3585(b), stated petitioner was not entitled to credit towards his federal sentence for the Contested Period because he had already received credit towards his state sentence for such period.[1] In his objections, petitioner disputes the statement that he received credit towards his state sentence for the Contested Period.

The respondent has demonstrated that the BOP has determined petitioner received credit towards his state sentence for the Contested Period.[2] Petitioner has submitted no evidence that would call this determination into question. In the absence of any contradictory evidence, it cannot be concluded the BOP's determination was erroneous. Section 3585(b) therefore prohibits petitioner from also receiving credit towards his federal sentence for the Contested Period.

In his objections, petitioner also complains about the state's revocation of his release on parole. He states the revocation was improper because it was based on charges of kidnapping and aggravated sexual assault that were subsequently dismissed. Petitioner asserts that as his release on

---

[1] Section 3585(b) provides that "[a] defendant is to be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited towards another sentence."

[2] This determination is supported by a memorandum provided to the court by petitioner as part of docket entry 16. This memorandum, which is dated April 28, 1999, is to petitioner from BOP employee Sannie Antsey. Ms. Antsey stated she contacted employees of the Texas Department of Criminal Justice who informed her petitioner received credit towards his state sentence for the Contested Period.

parole was improperly revoked, he did not receive credit towards his state sentence for the Contested Period because there was no valid state sentence to be served. Accordingly, the Contested Period should be credited towards his federal sentence.

The Proclamation of Revocation and Warrant of Arrest issued by the Texas Department of Criminal Justice on June 28, 1990, indicated the revocation of petitioner's release on parole was based on charges of aggravated kidnapping and aggravated sexual assault. Petitioner correctly states these charges were later dismissed. However, the dismissal of the charges does not entitle petitioner to relief. In revoking a criminal defendant's release on parole, authorities may consider criminal activities for which the individual was never charged, indicted or convicted. *See Maddox v. U.S. Parole Commission*, 821 F.2d 997, 999 (5th Cir. 1987) ("the commission may consider . . . allegations of criminal activity for which the prisoner has not even been charged"); *Villarreal v. U.S. Parole Commission*, 985 F.2d 835, 839 (5th Cir. 1993) (parole boards may consider charges which were dismissed by the state); *Else v. Johnson*, 104 F.3d 82, 83 (5th Cir. 1997) (no due process violation when the sate considered dismissed criminal charges during parole revocation proceedings). As a criminal conviction was not necessary in order for the revocation of petitioner's release on parole to be valid, the fact that the state charges against petitioner were subsequently dismissed is of no benefit to him in this proceeding. Petitioner's contention that there was no valid state sentence for him to be serving during the Contested Period is therefore without merit.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered denying the petition.

So **ORDERED** and **SIGNED** this **21** day of **August, 2017.**

_____
Ron Clark, United States District Judge